AO 245B (SDIL Rev. 7/21) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
### Southern District of Illinois

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | Case Number: **4:21-CR-40052-JPG-1** |
| | USM Number: **30621-510** |
| **LESTER AARON TAYLOR** | **JOSEPH W. FLEES, II** |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒  pleaded guilty to count(s)  <u>1 and 2 of the Third Superseding Indictment</u>

☐  pleaded nolo contendere to count(s)
     which was accepted by the court.

☐  was found guilty on count(s)
     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. §§841(a)(1), (b)(1)(A), and 846 | Conspiracy to Distribute Methamphetamine | 6/2021 | 1sss |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)
☐  Count(s)  ☐ is  ☐ are dismissed on the motion of the United States.

☐  No fine      ☐ Forfeiture pursuant to order filed  , included herein.

☐  Forfeiture pursuant to Order of the Court.  See page  for specific property details.

   It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Restitution and/or fees may be paid to:
Clerk, U.S. District Court*
750 Missouri Ave.
East St. Louis, IL  62201

*Checks payable to: Clerk, U.S. District Court

<u>September 28, 2023</u>
Date of Imposition of Judgment

*/s/ J. Phil Gilbert*

Signature of Judge
<u>J. Phil Gilbert, U.S. District Judge</u>
Name and Title of Judge

Date Signed: <u>September 28, 2023</u>

AO 245B (SDIL Rev. 7/21) Judgment in a Criminal Case

Judgment Page 2 of 8

DEFENDANT: Lester Aaron Taylor
CASE NUMBER: 4:21-cr-40052-JPG-1

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(A) | Possession with Intent to Distribute Methamphetamine, | 2/4/2021 | 2sss |

DEFENDANT: Lester Aaron Taylor
CASE NUMBER: 4:21-cr-40052-JPG-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of **168 months as to Counts 1 and 2 of the Third Superseding Indictment. All counts shall run concurrently.**

- ☒ The court makes the following recommendations to the Bureau of Prisons:
  The Court recommends the RDAP and Dual Diagnosis Program.
- ☒ The defendant is remanded to the custody of the United States Marshal.
- ☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on
  ☐ as notified by the United States Marshal.

- ☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (SDIL Rev. 7/21) Judgment in a Criminal Case

Judgment Page 4 of 8

DEFENDANT: Lester Aaron Taylor
CASE NUMBER: 4:21-cr-40052-JPG-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years as to Counts 1 and 2 of the Third Superseding Indictment. All counts shall run concurrently.**

Other than exceptions noted on the record at sentencing, the Court adopts the presentence report in its current form, including the suggested terms and conditions of supervised release and the explanations and justifications therefor.

### MANDATORY CONDITIONS

*The following conditions are authorized pursuant to 18 U.S.C. § 3583(d):*

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court, not to exceed 52 tests in one year.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

### ADMINISTRATIVE CONDITIONS

*The following conditions of supervised release are administrative and applicable whenever supervised release is imposed, regardless of the substantive conditions that may also be imposed. These conditions are basic requirements essential to supervised release.*

The defendant must report to the probation office in the district to which the defendant is released within seventy-two hours of release from the custody of the Bureau of Prisons.

The defendant shall not knowingly possess a firearm, ammunition, or destructive device. The defendant shall not knowingly possess a dangerous weapon unless approved by the Court.

The defendant shall not knowingly leave the federal judicial district without the permission of the Court or the probation officer.

The defendant shall report to the probation officer in a reasonable manner and frequency directed by the Court or probation officer.

The defendant shall respond to all inquiries of the probation officer and follow all reasonable instructions of the probation officer.

The defendant shall notify the probation officer prior to an expected change, or within seventy-two hours after an unexpected change, in residence or employment.

AO 245B (SDIL Rev. 7/21) Judgment in a Criminal Case

Judgment Page 5 of 8

DEFENDANT: Lester Aaron Taylor
CASE NUMBER: 4:21-cr-40052-JPG-1

The defendant shall not knowingly meet, communicate, or otherwise interact with a person whom the defendant knows to be engaged, or planning to be engaged, in criminal activity.

The defendant shall permit a probation officer to visit the defendant at a reasonable time at home or at any other reasonable location and shall permit confiscation of any contraband observed in plain view of the probation officer.

The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

## SPECIAL CONDITIONS

*Pursuant to the factors in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(d), the following special conditions are ordered. While the Court imposes special conditions, pursuant to 18 U.S.C. § 3603(10), the probation officer shall perform any other duty that the Court may designate. The Court directs the probation officer to administer, monitor, and use all suitable methods consistent with the conditions specified by the Court and 18 U.S.C. § 3603 to aid persons on probation/supervised release. Although the probation officer administers the special conditions, final authority over all conditions rests with the Court.*

The defendant shall participate in treatment for narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis and/or other drug detection measures and which may require residence and/or participation in a residential treatment facility, or residential reentry center (halfway house). The number of drug tests shall not exceed 52 tests in a one-year period. Any participation will require complete abstinence from all alcoholic beverages and any other substances for the purpose of intoxication. The defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale and the defendant's ability to pay. The defendant's financial obligation shall never exceed the total cost of services rendered. The Court directs the probation officer to approve the treatment provider and, in consultation with a licensed practitioner, the frequency and duration of counseling sessions, and the duration of treatment, as well as monitor the defendant's participation, and assist in the collection of the defendant's copayment.

The defendant shall participate in mental health services, which may include a mental health assessment and/or psychiatric evaluation, and shall comply with any treatment recommended by the treatment provider. This may require participation in a medication regimen prescribed by a licensed practitioner. The defendant shall pay for the costs associated with services rendered, based on a Court approved sliding fee scale and the defendant's ability to pay. The defendant's financial obligation shall never exceed the total cost of services rendered. The Court directs the probation officer to approve the treatment provider and, in consultation with a licensed practitioner, the frequency and duration of counseling sessions, and duration of treatment, as well as monitor the defendant's participation, and assist in the collection of the defendant's copayment.

The defendant shall not knowingly visit or remain at places where controlled substances are illegally sold, used, distributed, or administered.

While any financial penalties are outstanding, the defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Office any requested financial information. The defendant is advised that the probation office may share financial information with the Financial Litigation

AO 245B (SDIL Rev. 7/21) Judgment in a Criminal Case

Judgment Page 6 of 8

DEFENDANT: Lester Aaron Taylor
CASE NUMBER: 4:21-cr-40052-JPG-1

Unit.

While any financial penalties are outstanding, the defendant shall apply some or all monies received, to be determined by the Court, from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to any outstanding court-ordered financial obligation. The defendant shall notify the probation officer within 72 hours of the receipt of any indicated monies.

The defendant shall pay any financial penalties imposed which are due and payable immediately. If the defendant is unable to pay them immediately, any amount remaining unpaid when supervised release commences will become a condition of supervised release and be paid in accordance with the Schedule of Payments sheet of the judgment based on the defendant's ability to pay.

The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

The defendant's person, residence, real property, place of business, vehicle, and any other property under the defendant's control is subject to a search, conducted by any United States Probation Officer and other such law enforcement personnel as the probation officer may deem advisable and at the direction of the United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, without a warrant. Failure to submit to such a search may be grounds for revocation. The defendant shall inform any other residents that the premises and other property under the defendant's control may be subject to a search pursuant to this condition.

**U.S. Probation Office Use Only**

A U.S. Probation Officer has read and explained the conditions ordered by the Court and has provided me with a complete copy of this Judgment. Further information regarding the conditions imposed by the Court can be obtained from the probation officer upon request.

Upon a finding of a violation of a condition(s) of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

Defendant's Signature _____   Date _____

U.S. Probation Officer _____   Date _____

AO 245B (SDIL Rev. 7/21) Judgment in a Criminal Case

Judgment Page 7 of 8

DEFENDANT: Lester Aaron Taylor
CASE NUMBER: 4:21-cr-40052-JPG-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $200.00 | $-0- | $200.00 | $-0- | $-0- |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $_____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

The court determined that the defendant does not have the ability to pay interest and it is ordered that:
☒ the interest requirement is waived for ☒ fine   ☐ restitution.
☐ the interest requirement for ☐ fine   ☐ restitution is modified as follows:

---

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (SDIL Rev. 7/21) Judgment in a Criminal Case

Judgment Page 8 of 8

DEFENDANT: Lester Aaron Taylor
CASE NUMBER: 4:21-cr-40052-JPG-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A. ☐ Lump sum payment of $_____ due immediately, balance due
   ☐ not later than _____, or
   ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

B. ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below; or

C. ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D. ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $_____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E. ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F. ☒ Special instructions regarding the payment of criminal monetary penalties:
   **All criminal monetary penalties are due immediately and payable through the Clerk, U.S. District Court. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be paid in equal monthly installments of $25 or ten percent of his net monthly income, whichever is greater. The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

   ☐ Joint and Several
   Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

   ☐ The defendant shall pay the cost of prosecution.

   ☐ The defendant shall pay the following court cost(s):

   ☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.